Richardson, J.,
delivered the opinion of the court-:
The Act July 15, 1870, (16 Stat. L., p. 320, § 24,) established the pay of officers of the Army, and made that of a lieutenant-colonel $3,000 a year, with a further allowance, common to all officers below the rank of brigadier-general, of 10 per cent, of the current yearly pay for each and every term of five years of service, but subject to the proviso that in no case shall the total amount of such increase for length of service exceed 40 per cent, of the yearly pay of his grade, and the further proviso that the pay of a lieutenant-colonel shall in no case exceed $4,000 per annum. (Rev. Stat., §§ 1261, 1262.)
The claimant was placed on the retired list as of December 15, 1870, when, as a lieutenant-colonel, his current yearly pay was $3,000, 40 per cent, of which, for length of service, would be $1,200, making in all $4,200. But the whole pay of an officer of his rank was further limited to $4,000 a year, which was the pay of the claimant as an officer in active service when he was retired, instead of $4,200. (Rev. Stat., § 1263.)
The last clause of said section 24 established the pay of retired officers in the following words: “Officers retired from active service shall receive 75 per centum of the pay of the rank upon which they are retired.” (Rev. Stat., § 1274.)
The claimant maintains that this gives him 75 per cent, of the current yearly pay which he was receiving when retired, and in addition thereto 75 per cent, of the allowance for length of service, limited to 40 per cent, of the yearly pay of an officer of his grade, but that the whole amount to which the 75 per cent, applies is not limited by the proviso that the maximum pay of a lieutenant-colonel shall not exceed $4,000 a year.
*285 In our opinion retired officers are entitled to no other compensation than that allowed by the last clause of the twenty-fourth section of the Act July 15, 1870, (Eev. Stat., § 1274,) above cited, and that they can have no allowance for length of service, except as it contributes to make up the whole amount, with all its limitations, which they were receiving when retired, and upon which that clause operates to give them 75 per cent, thereof. If we restrict that clause to apply only to the current yearly salary of an officer of his rank, then the claimant would have 75 per cent, of $3,000, to wit, $2,250, and nothing for length of service.
But we hold that the true construction of the statute is that retired officers are entitled to receive 75 per cent, of the whole pay which they were receiving as officers in active service when placed on the retired list, including their current yearly pay and their allowance for length of service, limited by the maximum fixed by said act, which, in the case of a lieutenant-colonel, is $4,000. This would make the claimant’s pay $3,000 as a retired officer, and that is the rate at which he has been paid, and he is entitled to no more. Judgment must therefore be for the defendants.
The claimant’s petition is dismissed.
The Chief-Justice was not present when this case was submitted, and took no part in the decision.