Davis, J.,
delivered the opinion of the court:
Colonel Marshall, after graduating from West Point, served continuously in the Army of the United States, being at different times promoted, until September 11, 1867, when he was retired with the rank of colonel, on account of wounds received in> battle. It is contended on behalf of his estate, he having died! after this action was begun, that since July 1,1870, he has been entitled to receive each year as pay 76 per centum of a colonel’s pay increased by 40 per centum thereof, whereas the government has in fact paid him 75 per centum of $4,500, the maximum pay of a colonel, and it is urged that the true mode of determining the compensation of a retired officer is to first ascertain his grade pay, then to allow him 75 per centum of that pay, adding the longevity increase for each term of five years’ service.
This contention has already been twice decided adversely to the claimants. (Roberts v. The United States, 10 C. Cls. R., 283: Tyler v. The United States, 16 id., 236.) In the Tyler Case the court said, “We held then [in the Roberts Case], as we now hold, that the pay of a retired officer is to be determined by-first ascertaining what would have been his pay had he not-been retired, and then allowing him 75 per cent, of that sum.”'
The limitation of a colonel’s maximum pay to $4,500 (Rev.. Stat., § 1267) limits the full pay upon which, when retired, his. 7$ per centum allowance is to be computed. In view of these: decisions it is unnecessary to discuss this case more fully.
The petition will be dismissed.